■ SUPERB HEALTH FOODS CORP. et al., Respondents, v MICHAEL MARINO et al., Appellants.—In an action for rescission of a contract and to recover damages for fraudulent misrepresentation, the defendants appeal from an order of the Supreme Court, Kings County (Aronin, J.), dated May 8, 1985, which denied their motion for an order directing the plaintiffs to deposit with the court moneys due under a security agreement pending determination of the action.

Ordered that the appeal is dismissed, with costs.

In May of 1982, the defendant Superior Health-Vitamins & Health Foods (hereinafter Superior) sold its business to the individual plaintiffs. A substantial portion of the purchase price was payable in a series of 85 promissory notes running from the corporate plaintiff, Superb Health Foods Corp. (hereinafter Superb) to the defendant Marino, the president of Superior, which were collateralized by a security agreement. Superb duly paid the promissory notes until January of 1985

when the plaintiffs commenced the instant action seeking, *inter alia,* rescission of the contract of sale and security agreement and cancellation of the remaining promissory notes. The plaintiffs allege that the defendants fraudulently misrepresented the financial and legal status of the business in order to induce the plaintiffs to purchase it. The plaintiffs sought an order preliminarily enjoining the defendants from declaring them in default of the security agreement and seeking to collect on the promissory notes pending final determination of this proceeding. Such an injunction was granted by order dated February 5, 1985. The defendants' answer denied any misrepresentation and contained a counterclaim for accelerated payment of the promissory notes totaling $650,960, plus interest, and attorneys' fees totaling $123,275, which were due under the promissory notes.

In March of 1985 the defendants sought an order directing the plaintiffs to deposit with the court all delinquent monthly installment payments on the promissory notes, as well as future installments as they became due. The court treated the defendants' motion as one for reargument of a similar motion apparently made orally in the court's chambers, and denied the same. It is from this order that the defendants now appeal.

Subsequent to the filing of the notice of appeal, the defendants' motion for an order directing the plaintiffs to post an undertaking was granted, and an undertaking in the sum of $35,000 was duly posted. While this appeal was pending a jury trial was held in this matter, at the conclusion of which judgment was rendered in favor of the defendants and against the plaintiffs, and the complaint was dismissed. By judgment of the Supreme Court, Kings County (Ramirez, J.), dated June 27, 1986, the defendants Superior and Marino were given judgment against Superb in the sum of $650,960, plus interest, on their first counterclaim, and in the sum of $123,000 on their counterclaim for attorneys' fees. In light of these developments, the defendants' appeal has been rendered academic, and is hereby dismissed. In any event, the defendants' appeal from the intermediate order must be dismissed because the right of appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). Mangano, J. P., Weinstein, Lawrence and Kooper, JJ., concur.